IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TRUDI A. JOHNSON and DAVID JOHNSON, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | CIVIL ACTION NO. 13-339-CG-C |
| CHRISTOPHER RAY MABRY, et al. | ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

This action is before the Court on a motion to opt out of trial (Doc. 64) filed by Allstate Property & Casualty Insurance Company, Allstate Indemnity Company, and Allstate Insurance Company (collectively, "Allstate Defendants"). Trudi A. Johnson and David Johnson (together, "Plaintiffs") responded and opposed the motion to opt out (Doc. 66), and the Allstate Defendants replied. (Doc. 67). After consideration, the Allstate Defendants' motion to opt out is **GRANTED.**

On July 2, 2013, Plaintiffs filed this action against Christopher Ray Mabry. (Doc. 1). Plaintiffs allege Mabry negligently turned his car into a car driven by Trudi Johnson, causing her to suffer personal injuries and damages. (Doc. 1, p. 2). On April 29, 2014, the Allstate Defendants filed a motion to intervene. (Docs. 24, 30). After the Court granted that motion (Doc. 32), Plaintiffs filed an amended complaint adding the Allstate Defendants and seeking a declaratory judgment

against them. (Doc. 39, p. 5). Specifically, Plaintiffs seek money damages from the Allstate Defendants because Plaintiffs held insurance policies with them and Mabry was an underinsured motorist at the time of the accident. (Doc. 39, pp. 4 – 5). After participating in discovery, the Allstate Defendants filed a motion on October 29, 2014, to opt out of the trial pursuant to Lowe v. Nationwide Ins. Co., 521 So. 2d 1309, 1310 (Ala. 1988). (Doc. 64). Plaintiffs contest the Allstate Defendants' request to opt out.

In challenging the motion to opt out, Plaintiffs argue Mississippi law controls contract issues, and Alabama law controls the question of negligence. (Doc. 66, pp. 4, 6). Plaintiffs therefore contend Mississippi law applies to the Allstate Defendants' decision to opt out, and an "uninsured motorist insurance carrier has no right under Mississippi UIM law to unilaterally 'opt out' of a case." (Doc. 66, p. 6). Plaintiffs confuse the issues. A substantive contract question is not raised in this motion.[1] Plaintiffs seek only use of a procedural mechanism that allows them to withdraw from participating in the trial. Alabama law allows insurers to opt out of trial so long as the parties follow certain procedures:

> A plaintiff is allowed either to join as a party defendant his own
> liability insurer in a suit against the underinsured motorist or merely

---

[1] This action was brought on the basis of diversity jurisdiction. As a result, Plaintiffs correctly note that potential contract disputes may require a choice of laws analysis. (Doc. 66, p. 4); see also Clanton v. Inter.net Global, L.L.C., 435 F.3d 1319, 1323 (11th Cir. 2006) ("In determining which law applies [in contract disputes], a federal district court sitting in diversity must apply the choice of law rules of the forum state."). But there is no contract dispute here. The Allstate Defendants are merely seeking to withdraw from the trial without commenting on any contract formation or application issues, and the Allstate Defendants do not cite or question any of the provisions contained in the insurance policies in their motion.

> to give it notice of the filing of the action against the motorist and of the possibility of a claim under the underinsured motorist coverage at the conclusion of the trial. If the insurer is named as a party, it would have the right, within a reasonable time after service of process, to elect either to participate in the trial (in which case its identity and the reason for its being involved are proper information for the jury), or not to participate in the trial (in which case no mention of it or its potential involvement is permitted by the trial court). Under either election, the insurer would be bound by the factfinder's decisions on the issues of liability and damages. If the insurer is not joined but merely is given notice of the filing of the action, it can decide either to intervene or to stay out of the case. The results of either choice parallel those set out above—where the insurer is joined as a party defendant.

Lowe, 521 So. 2d at 1310 (emphasis omitted).

The Alabama Supreme Court has further explained that opting out within a "reasonable time" is determined by examining the posture of the case. Ex parte Elec. Ins. Co., No. 1130820, 2014 WL 4798736, at *2 (Ala. Sept. 26, 2014). On one hand, an insurer does not want to withdraw from a case too early, before it could determine through discovery whether it would be in its best interest to do so. On the other hand, an insurer cannot delay unnecessarily in making its decision to withdraw. Thus it is not unreasonable for an "insurer to participate in the case for a length of time sufficient to enable it to make a meaningful determination as to whether it would be in its best interest to withdraw." Ex parte Edgar, 543 So. 2d 682, 685 (Ala. 1989).

In this case, the Allstate Defendants participated in discovery and relevant proceedings for roughly six months. Dispositive motions were due on October 3, 2014, and trial is scheduled for March 3, 2015. (Doc. 33). After reviewing the

3

posture of the case, the Court finds that the Allstate Defendants filed their motion to opt out of the trial within a reasonable time.

As noted in the reply (Doc. 67, p. 2), the Allstate Defendants remain parties in this action even though they will not participate in trial. Ex parte Boles, 720 So. 2d 911, 914-15 (Ala. 1998) (when an insurer elects not to participate in trial, it is not dismissed as a defendant but "has simply withdrawn from the litigation by exercising its option not to participate in the trial"). Additionally, after opting out, the Allstate Defendants cannot be mentioned at trial. Moore v. United Services Auto. Ass'n, 898 So. 2d 725, 728 (Ala. 2004) (when an insurer opts out of litigation, trial court has "an affirmative duty to ensure that the plaintiff's insurer or its potential involvement is not mentioned at trial"). And as required by Lowe, the Allstate Defendants have agreed "to be bound by the fact-finder's decision on issues of liability and damages." (Doc. 64, pp. 1 – 2).

The Allstate Defendants have timely elected not to participate in the trial. Accordingly, the motion to opt out (Doc. 64) is **GRANTED**. The Allstate Defendants have now withdrawn from active participation in this litigation. The Allstate Defendants, however, are not dismissed from this case.

**DONE** and **ORDERED** this 14th day of November, 2014.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE